UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Latania Phillips, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff(s),<br><br>  -v.-<br><br>Allied Collection Services, Inc.,<br><br>                        Defendant(s). | **Civil Action No:** 4:22-cv-4127<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Latania Phillips (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Allied Collection Services, Inc. (hereinafter "Allied"), individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages arising from the Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Texas, County of Harris.

8. Defendant Allied Collection Services, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at 3090 South Durango Drive #101, Las Vegas, NV, 89117.

9. Upon information and belief, Defendant Allied is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Texas;

    b. to whom Defendant Allied sent a letter;

    c. attempting to collect a consumer debt;

    d. providing the individual with a settlement offer for less than the full original balance;

    e. wherein payment would still leave a residual balance owed to non-party creditor T-Mobile;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal

issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class

    members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

20. Some time prior to July 27, 2022, Plaintiff allegedly incurred an obligation to non-party creditor T-Mobile.

21. The obligation arose out of a transaction involving a debt to T-Mobile in which money, property, insurance or services, that are the subject of the transaction(s), were incurred solely for personal purposes.

22. The alleged T-Mobile obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. T-Mobile is a "creditor" as defined by 15 U.S.C. § 1692a (4).

24. Upon information and belief, T-Mobile assigned the account to Allied to collect the alleged debt.

25. Allied collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – July 27, 2022 Letter*

26. On or about July 27, 2022, Defendant sent the Plaintiff a collection letter ("the Letter"), a copy of which is attached as Exhibit A.

27. The collection Letter makes an offer to settle the $1,663.10 debt for less than the full original balance following payment receipt on or before July 31, 2022.

28. Specifically, the Letter states, "ACSI has obtained authorization to extend you a limited time SETTLEMENT OFFER in the amount of $997.86 … If you accept this settlement offer and pay the agreed upon amount your account will be closed."

29. However, the collection Letter further sets forth that payment will cause future collection efforts to cease and a *residual balance to remain with T-Mobile.*

30. The settlement option provided by the Defendant is not adequately explained and results in two different possible interpretations.

31. First, "Settled" might be construed to be an option to "save money" where the discounted amount of $997.86 settles the debt completely.

32. Second, "a residual balance will remain with T-Mobile" might be construed to mean that the Letter does not make an offer to settle the debt at all.

33. Specifically, how can you "save money" and be "settled in full" if you still owe T-Mobile the remaining debt balance post settlement?

34. The Letter is deceptive as follows:

    a. if the debt is not discounted, then you are not saving money;

    b. if you are not saving money, then you are not settling for less than the full original balance;

    c. it you still owe the remainder of the full original balance, post "settlement" payment, then you are not settled in full.

35. By failing to explain whether the offer is a discount settlement option or a full pay option, the Letter is false, deceptive and misleading.

36. Plaintiff was uncertain as to whether the offer was a discounted option at all because it did not provide for waiver of any of the debt.

37. Plaintiff was unable to properly evaluate the demand for payment or how to address it.

38. Defendant misled the Plaintiff with a hollow offer to "save money" by using a deceptive accounting of the residual debt balance after settlement.

39. Defendant's actions were false, deceptive, unfair, and/or misleading.

40. Plaintiff was concerned and misled by the Letter.

41. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

42. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the settlement stated in the Defendant's Letter is incorrect.

43. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

44. Because of this, Plaintiff expended time and money in determining the proper course of action.

45. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

46. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of further reputational harm in the form of negative collection informational furnishment to credit bureaus, and ultimately dissemination to third parties.

47. Plaintiff's failure to pay the debt arose from the collection Letter itself because the Plaintiff believes it was an attempt to deceptively collect monies under the guise of settlement.

48. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Plaintiff to suffer a financial detriment in the form of a lost opportunity to settle for a discount.

49. In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

50. Moreover, Plaintiff suffered reputational harm in the form of negative collection informational furnishment to credit bureaus, and ultimately dissemination to third parties, because of the Defendant's improper acts.

51. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

52. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

53. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

54. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

55. Plaintiff is entitled to receive proper notice of the character, legal status and amount of the debt, as required by the FDCPA.

56. Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

57. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

58. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

59. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

60. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

61. Plaintiff was confused and misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

62. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

63. Plaintiff repeats the above allegations as if set forth herein.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. Defendant violated said section, inter alia, by:

   a. Falsely representing the character, amount, or legal status of the debt in violation of § 1692e (2);

   b. Using a false representation or deceptive means to collect or attempt to collect a debt in violation of § 1692e (10);

67. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

68. Plaintiff repeats the above allegations as if set forth herein.

69. Additionally, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

70. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

71. Defendant violated this section by unfairly collecting the alleged debt, as described above, in violation of § 1692f.

72. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendants as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper

Dated: November 28, 2022

Respectfully Submitted,

*/s/ Yaakov Saks*
Yaakov Saks
**Stein Saks, PLLC**
One University Plaza, Suite 620
Hackensack, NJ 07601
Tel. 201-282-6500
Fax 201-282-6501
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*

*Pro Hac Vice Pending*